UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TARIQ BELT,  :
        Petitioner  :   No. 3:CV-13-2091
        vs.  :   (Judge Nealon)
SCOTT FISHER, et al.,  :
        Respondents  :

FILED
SCRANTON
AUG - 8 2013
PER _____
DEPUTY CLERK

**MEMORANDUM**

Tariq Belt, an inmate presently confined in the Federal Correctional Institution, Loretto, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Although the petition is vague and somewhat rambling, it appears that Belt is seeking a sentence reduction, or release, pursuant to the Sentencing Reform Act. See 18 U.S.C. § 3582(c).

The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof. For the reasons set forth below, the petition will be dismissed summarily.

**I.   Background**

On December 12, 2005, Belt was sentenced in the United States District Court for the District of Maryland to a 212 month term of imprisonment, after pleading guilty to conspiracy to distribute and possess with intent to distribute cocaine base and cocaine in violation of 21 U.S.C. § 846. See United States v. Belt, Crim. Action No. 1:03-cr-00376-WDQ-1 (D. Md (Baltimore) 2003).

On October 23, 2006, Belt filed a motion to vacate pursuant to 28 U.S.C. § 2255. Id. On January 3, 2007, Belt's 2255 motion was denied. Id.

On November 20, 2009, Belt filed a second 2255 motion. Id. By Order dated December 15, 2009, the Court notified Belt that his motion appeared to be untimely under 28 U.S.C. § 2255(1), and granted Belt additional time to file a response indicating why the motion was subject to equitable tolling or otherwise timely. Id. On March 16, 2010, the Court dismissed Belt's motion as time-barred, as Belt failed to provide a basis for equitable tolling. Id.

On June 16, 2010, Belt filed a third 2255 motion. Id. By Order dated June 22, 2010, the Court dismissed the motion without prejudice for lack of subject matter jurisdiction for Belt's failure to seek permission to file a second or successive petition from the United States Court of Appeals for the Fourth Circuit. Id.

October 14, 2010, Belt filed, in this Court, a petition for writ of habeas corpus challenging his sentence pursuant to 28 U.S.C. § 2241. Belt v. Dept. of Justice, Civil Action No. 4:CV-10-1652 (M.D. Pa. 2010). Specifically, Belt claimed that as a result of the recent "bill reducing the disparity between federal mandatory sentences for convictions for crack cocaine and the powder form of the illegal drug", his sentence was "unjustly discriminatory." Id. By Memorandum and Order dated March 28, 2011, the petition was dismissed for lack of jurisdiction. Id.

On August 6, 2013, Belt filed the instant petition.[1] (Doc. 1, petition). He again states that he "is jailed partially on Crack basis which basis has been admitted by the U.S. Congress to involve unwarranted disparity." Id. As such, Belk seeks a reduction in sentence, or release, pursuant to 18 U.S.C. § 3582(c)(1)(A), which he states "provides a mechanism for relief...where due to subsequent things make enforcement prospectively unfair." Id. Petitioner states that he has "asked per SRA and

---

1. The Court takes judicial notice of the fact that Petitioner currently has an appeal in his criminal case pending before the United States Court of Appeals for the Fourth Circuit, raising the same issues contained within the instant action. See In re: Tariq Belt, No. 12-1815 (4th Cir. 2012).

2

18 U.S.C. § 3582(c)(1)(A) for Warden recommendation and director motion" and "release plan was provided and grounds to investigate" but "no redress to date." Id. Attached as an exhibit to the petition is Warden Fisher's June 6, 2013 denial of Belk's most recent request for administrative remedy, denying Belk's requested relief based, in pertinent part, on the following:

> 18 U.S.C. Section 3582(c)(1)(A), the statute you cite in your administrative remedy request, refers to circumstances under which the Director of the Bureau of Prisons may file a motion to reduce the term of imprisonment for specific factors set forth in the statute and further described in Program Statement 5050.48, *Compassionate Release; Procedures of Implementation of 18 U.S.C. Sections 3582(c)(1)(A) & 4205(g)*. The Administrative Remedy Program is not the appropriate manner in which to request a Reduction in Sentence (RIS). Under this policy, a request for RIS is to be generated by the inmate in writing and submitted to the Warden. The request must include extraordinary or compelling circumstances that the inmate believes warrants consideration, a proposed release plan, including where the inmate will reside, how the inmate will support himself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how he will pay for the treatment.
>
> If your are requesting a sentence reduction due to changes in the sentencing guidelines related to crack cocain, 18 U.S.C. Section 3582(c)(2) provides, "upon motion of the defendant or the Director of the Bureau of Prisons, or its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." Based on this statute, a defendant may submit a motion to the sentencing court to request a sentence reduction; the Director of the Bureau of Prisons is not required to file a motion on an inmate's behalf. You therefore may file a motion to your sentencing court under this statute if you believe the statute pertains to the facts of your criminal case.
>
> Based on the above information, your request for administrative remedy is denied.

(Doc. 1, petition at 52, Response).

Thus, Petitioner believes that the "short and plain statement of the facts and complaint will show that Belt is eligible for 18 U.S.C. 3582(c)(1)(A) based motion by the Director of the FBOP

3

and that said individual by and through delegation of authority to others, namely Mr. Scott-Fisher and a regional director, the right and entitlement is impeded by them all circumventing the intent of the law without violating the wording in effect." Id.

## II. **Discussion**

### A. **Standard of Review**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007) (Kosik, J.). Those rules are applicable to § 2241 petitions under Rule 1(b). See e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself...." Gorko v. Holt, 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005) (McClure, J.) (quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)).

### B. **Second or Successive Petition**

Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), as made applicable to 28 U.S.C. § 2241 cases by Rule 1 provides:

> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds are alleged, the judge finds that the

failure of petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

Title 28 U.S.C. § 2244 authorizes dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined." McCleskey v. Zant, 499 U.S. 467, 483 (1991). Specifically § 2244 states in relevant part:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus except as provided in section 2255....
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Belk previously filed an unsuccessful § 2241 petition with this Court. The issues raised in Petitioner's present habeas corpus action were asserted in his prior unsuccessful habeas corpus petition. There is also no indication that Belk applied for and was granted leave to file a second or successive petition by the United States Court of Appeals for the Fourth Circuit.

Thus, because the grounds raised herein were previously raised in Belk's prior federal habeas corpus proceedings, this action is tantamount to a successive petition and is subject to dismissal pursuant to 28 U.S.C. § 2244(a).

**C. Title 28 U.S.C. § 2255.**

The usual avenues for federal prisoners seeking to challenge the validity of a federal court conviction or sentence is via direct appeal or through submission of a motion under 28 U.S.C. § 2255 in the sentencing court. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir.1997). According to the petition and the docket of Petitioner's criminal case, Belk has filed an appeal which is presently

5

pending before the United States Court of Appeals for the Fourth Circuit. See United States v. Belt Crim. Action No. 1:03-cr-00376-WDQ-1(D. Md (Baltimore) 2003).

Since Belk presently has an appeal pending before the Fourth Circuit Court of Appeals, his present request for relief under § 2241 is clearly premature. Furthermore, in the event Belk's appeal is unsuccessful, the next available avenue for him to challenge the legality of his federal conviction and sentence is via an action under § 2255.

Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.), cert. denied, 409 U.S. 1046 (1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255'." Myers v. Booker, 232 F.3d 902, 2000 WL 1595967, *1 (10th Cir. 2000) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)). Only if it is shown that a § 2255 motion "is inadequate or ineffective to test the legality of ... detention," may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence. 28 U.S.C. § 2255.

It has long been the rule in this circuit that "the remedy by motion [under § 2255] can be 'inadequate or ineffective to test the legality of ... detention' only if it can be shown that some

limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000) (citation omitted); see also Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (same).

Based on the foregoing analysis, Petitioner may not seek a sentence reduction from this Court pursuant to § 2241. Accordingly, his petition will be dismissed without prejudice. Belk, if he so chooses, may reassert his present claims via his pending appeal, or by filing a § 2255 petition.

A separate Order will be issued.

Dated: August 8, 2013

**United States District Judge**