# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TARIQ BELT, | : | |
| Petitioner | : | No. 3:CV-13-2091 |
| vs. | : | (Judge Nealon) |
| SCOTT FISHER, et al., | : | |
| Respondents | : | |

FILED SCRANTON
DEC 1 3 2013
PER _____ DEPUTY CLERK

## MEMORANDUM

Tariq Belt, an inmate presently confined in the Federal Correctional Institution, Loretto, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Although the petition was vague and somewhat rambling, it appeared that Belt was seeking a sentence reduction, or release, pursuant to the Sentencing Reform Act. See 18 U.S.C. § 3582(c).

By Memorandum and Order dated August 9, 2013, Belt's petition for writ of habeas corpus was dismissed without prejudice to any right he may have to assert his claims via his pending appeal, or by filing a § 2255 petition. (Doc. 3, 4, Memorandum and Order). Presently before the Court is Petitioner's motion for reconsideration. (Doc. 5). For the reasons set forth below, Petitioner's motion for reconsideration will be denied.

**Discussion**

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing,

Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).

Upon review of the Court's Order dismissing the complaint, the following was concluded:

### B. Second or Successive Petition

Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), as made applicable to 28 U.S.C. § 2241 cases by Rule 1 provides:

> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds are alleged, the judge finds that the failure of petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

Title 28 U.S.C. § 2244 authorizes dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined." McCleskey v. Zant, 499 U.S. 467, 483 (1991). Specifically § 2244 states in relevant part:

3

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus except as provided in section 2255....
>
> 3(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Belk previously filed an unsuccessful § 2241 petition with this Court. The issues raised in Petitioner's present habeas corpus action were asserted in his prior unsuccessful habeas corpus petition. There is also no indication that Belk applied for and was granted leave to file a second or successive § 2241 petition by the United States Court of Appeals for the Fourth Circuit.

Thus, because the grounds raised herein were previously raised in Belk's prior federal habeas corpus proceedings, this action is tantamount to a successive petition and is subject to dismissal pursuant to 28 U.S.C. § 2244(a).

### C. Title 28 U.S.C. § 2255.

The usual avenues for federal prisoners seeking to challenge the validity of a federal court conviction or sentence is via direct appeal or through submission of a motion under 28 U.S.C. § 2255 in the sentencing court. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). According to the petition, and the docket of Petitioner's criminal case, Belk has filed an appeal which is

presently pending before the United States Court of Appeals for the Fourth Circuit. See United States v. Belt Crim. Action No. 1:03-cr-00376-WDQ-1(D. Md (Baltimore) 2003).

Since Belk presently has an appeal pending before the Fourth Circuit Court of Appeals, his present request for relief under § 2241 is clearly premature. Furthermore, in the event Belk's appeal is unsuccessful, the next available avenue for him to challenge the legality of his federal conviction and sentence is via an action under § 2255.

Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.), cert. denied, 409 U.S. 1046 (1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255'." Myers v. Booker, 232 F.3d 902, 2000 WL 1595967, at *1 (10th Cir. Oct.26, 2000) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir.1996)). Only if it is shown that a § 2255 motion "is inadequate or ineffective to test the legality of ... detention," may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence.

It has long been the rule in this circuit that "the remedy by motion [under § 2255] can be 'inadequate or ineffective to test the legality

5

> of ... detention' only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." United States v. Brooks, 230 F.3d 643, 648 (3d Cir.2000) (citation omitted); see also Application of Galante, 437 F.2d 1164, 1165 (3d Cir.1971) (per curiam) (same).
>
> Based on the foregoing analysis, Petitioner may not seek a sentence reduction from this Court pursuant to § 2241. Accordingly, his petition will be dismissed without prejudice. Belk, if he so chooses, may reassert his present claims via his pending appeal, or by filing a § 2255 petition.

(Doc. 3, Memorandum dated August 9, 2013).

> In support of his motion for reconsideration, Petitioner states the following:
>
> The exact standing for dismissal was rather unclear, and the prolix nature of the convoluted explanation made it difficult to ascertain what exactly the grounds were. In Secretary of Agriculture v. United States, 347 U.S. 645, 74 S.Ct. 826, 98 L.Ed. 1015, the majority of the U.S. Supreme Ct declaring Superior/Supreme Judiciary entity controlling 'law of the land' stated that 'the quasi-jurisdictional findings of an ....agency must be accompanied by sufficient explanation of the reasons upon which the findings were based so that a reviewing court will not be left to choose between conflicting inferences; the reviewing court must know what the decision means before it becomes the courts duty to say it is not right.

(Doc. 6, Brief in Support). The remaining eighteen (18) pages of Petitioner's brief in support of his motion for reconsideration is a restatement and elaboration of the issues raised in his initial petition. Id.

6

Applying the standard used when a party seeks reconsideration, the Court concludes that Petitioner has not demonstrated any of the applicable grounds for reconsideration. Initially, the Court finds no intervening change in controlling law and no error of law or fact. Additionally, Petitioner's restated argument does not constitute new evidence that was unavailable when the Court entered judgment. The Court has already considered Petitioner's arguments raised in his motion for reconsideration and found them to be without merit. Thus, the Court finds that its Order of August 9, 2013, is not troubled by manifest errors of law or fact and Belt has not presented anything new, which if previously presented, might have affected the decision. Consequently, the motion for reconsideration will be denied.

A separate Order will be issued.

Date: December 13, 2013

_____
**United States District Judge**